IN THE UNTIED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMORY G. SNELL, JR.,<br>    Plaintiff,<br><br>vs.<br><br>STEVEN DESCOTEAUX, MD; MARIA L. ANGELES, MD; CARLOS FLORES, NP; MICHELE LaFOUNTAIN, RN; CAROL MICI, DOC COMM'R; JAMES M. O'GARA; KELLY HASTINGS, & MICHEAL RODRIGUES, each and every one both in their individual & official capacities,<br>    Defendants. | Civil Action No._____<br><br>PLAINTIFF's VERIFIED COMPLAINT - JURY TRIAL DEMAND; REQUEST FOR TRO/PI RELIEF<br><br>FILED CLERKS OFFICE<br>NOV 20 PM 3: 43<br>DISTRICT COURT<br>DISTRICT OF MASS. |

I.   Introduction:

Plaintiff currently faces <u>imminent death</u>. On April 19, 2019, cardiac specialist John Cadigan, MD, diagnosed Plaintiff with (a) dilated aorta and (b) ascending root, both beyond their respective upper limits which require lective/resection surgery. See, "Surgical Treatment of the Dilated Ascending Aorta: When and How?" Attached as Exhibit "A."

Plaintiff contacted deft. Descoteaux, MD., Statewide medical director for WELLPATH/CCS for profit health care contractor to the Massachusetts Dep't of Correction (DOC). On March 2, 2020, Deft. Descoteaux replied to a letter from the Plaintiff, informing Descoteaux of the 'dilated aorta/ascending root' severe cardiac condition, and the need for a follow-up. In his letter, Deft. Descoteaux informed Plaintiff that a June 2020 follow-up would be scheduled. As of the filing of the verified complaint-jury trial demand, no follow-up has been afforded Plaintiff, following the retaliatory/discriminatory receding of (2) Wellpath special medical needs restrictions for (a) No Stair climbing, and (b) car transport.

1.

Plaintiff has read and understands the catastrophic event of the dilated aorta/ascending root, especially, where both are outside those permissible upper limitations for elective/resection surgery. This comprehension has caused Plaintiff to suffer both mental and physical duress, which has been compounded expotentionously by none of the Defendant's acting to prevent that probability of imminent death.

Accordingly, Plaintiff seeks to permanently and immediately enjoin all defendant's who either by criminal neglect; callous disregard, or deliberate indifference to Plaintiff's life, from allowing the rupture of his dilated aorta/ascending root, by ignoring the professional involvement of cardiac surgeons, nurses, consultants, or any other cardiac qualified individual, whose expertise is necessary to dave his life.

Arising from that aforesaid criminal negligence, reckless disregard and deliberate indifference, Plaintiff seeks individually and officially all compensatory and punitive damages allowed by Law. Plaintiff's federal constitutional and statutory claims are brought pursuant to the 5th & 14th Amendments Equal Protection/Due Process Procedural/Substantive rights, and the 8th Amendments cruel and unusual punishment, as well as Ex post facto; excessive fines and punishment clauses. All Plaintiff's constitutional claims are actionable per 42 USC §1983. Plaintiff's statutory - ADA/RA - claims are actionable per 42 USC §12101; §12102; 12132; and 29 USC §794; §704. Plaintiff incorporates all State qualified disabled individual claims under the Courts pendent jurisdiction 28 USC §§1331; 1343 and 28 USC §1367.

## PARTIES

1- Plaintiff, Emory G. Snell, Jr., hereinafter is a 64yr. old disabled American, and United States Navy Vietnam era veteran. Currently, Mr. Snell is unconstitutionally imprisoned as an Actual Innocent, and is confined at MCI-Shir-Med., 1 Harvard Rd., Shirley, Ma. 01464-1218.

## DEFENDANTS
ALL DEFENDANTS ARE BEING SUED IN BOTH THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, AS EMPLOYEES, AGENTS, COHORTS, SERVANTS, CONTRACTORS OR VENDORS OF THE COMMONWEALTH.

2- Deft. Steven Descoteaux, MD., is the Statewide director of Wellpath/CCS, a licensed Massachusetts corporation operating in the Commonwealth under contract for medical services to the Dep't of Corrections (DOC). Descoteaux's address is suite 250, 16 Chestnut Str., Foxborough, Ma. 02035;

3- Deft. Maria L. Angeles, MD., is the medical director for Wellpath/CCS at MCI-Shir-Med., her responsibility is to answer directly to Descoteaux, and supervise, train or oversee, all Wellpath employees at MCI-Shir-Med. Angeles address is P.O. Box 1218, Harvard Rd., Shirley, Ma. 01464-1218;

4- Deft. Carlos Flores, Sr., NP., is a Wellpath employee at MCI-Shir-Med., Flores is the primary provider for Plaintiff. Flores address is P.O. Box 1218, Harvard Rd., Shirley, Ma. 01464-1218;

5- Deft. Michelle LaFountain, RN., is a Wellpath employee at MCI-Shir-Med., her primary duty is hospital services administrator. LaFountain address is P.O. Box 1218, Harvard Rd., Shirley, Ma. 01464-1218;

3.

6- Deft. Carol Mici, is Coms'r of the DOC. Her statutory duty per G.L.c.124, §1 et seq., is the overall supervision, training, oversight of every employee of the DOC, as well as those prisoners under the DOC's care and custody. Mici's address is suite 3, 50 Maple Str., Milford, Ma. 01757-3698;

7- Deft. James M. O'Gara, was appointed ADA director of the DOC, whose primary duty to investigate &/or issue reasonable accommodations to prisoners to suit mental, and physical handicaps. O'Gara's address is suite 3, 50 Maple Str., Milford, Ma. 01757-3698;

8- Deft. Kelly Hastings, is a deputy warden at MCI-Shir-Med., whose duty inter alia, is ADA coordinator for the facility. Hastings address is P.O. Box 1218, Harvard Rd., Shirley, Ma. 01464-1218;

9- Deft. Micheal Rodrigues, is the warden of MCI-Shir-Med, tasked per G.L.c.125, §1 et seq., to train, supervise and oversee all staff and prisoners at Shir-Med. Rodrigues address is P.O. Box 1218, Harvard Rd., Shirley, Ma. 01464-1218.

## FACTUAL ALLEGATIONS

10- Plaintiff presently is a Actual Innocent, unconstitutionaly imprisoned since 1 Sept. 1995, due to the governemnt's sub rosa suppression of BRADY exculpatory scientific evidence which underscored a natural causes death;

11- On 24 June 2019, for the very first time, Dr. Sam Gulino, Chief Medical Examiner for the City of Philadelphia, newly discovered (2) coronary arteries, which in 1995, the State's expert testified were "patent," when in fact, they are 30%, and 50% severely occluded;

12- In 1997, and 1998, Plaintiff was provided special medicals restrictions for lumbar spinal stenosis, and degenerative joint disease, by DOC Correctional Medical Services (CMS), for 'indefinite' period of time;

13- From 1997 to present, as Plaintiff aged 41 to 64 yrs. old, the DOC's for profit medical providers have caused his musculskeletal impairments to worsen, as necessary procedures, medications, and therapies have been disregarded to assure profitable margins;

14- For example, UMASS for profit medical provider Patricia Ruze, instead of recognizing the DJD/OA in both knees, and LSS in my back, refused to honor that 1997/98 indefinite orders, and suggested medically, that "stair climbing" would be beneficial therapy/exercise;

15- It is this criminal neglect that is pervasive at Wellpath/CCS Shir-Med., as Deft. Flores, several days after my arrival on 8 Nov. 2018, opined: "I do not see any need for [No stair climbing] order;"

16- Indeed, Wellpath physician Lawrence Churchville, who has more than **4-decades** of knowledge, skill and experience in general practice, after a 8 Nov. 2018 physical examination, and review of my **decades** of medical records, found it medically necessary to issue that 'No Stairs Climbing' Order;

17- To the best of my knowledge and belief, Deft. Flores does not possess a MD, nor, does Flores possess **4-decades** of medical skill, knowledge and experience;

18- What is particularly troubling, Flores is allegedly supervised by Defts. Descoteaux and Angeles, and makes medical decisions harmful to me, without either of them intervening, or necessarily doing physical examinations, or reviewing Xrays, CAT scans, or MRIs;

19- For example, I had a physical sitdown with Deft's Angeles, LaFountain and Flores in 2019, hoping to clear the air on the gross negligence of Flores, concerning his malfeasence in treating me;

20- Despite this sitdown, nothing changed, in fact, I contend my medical care became worst, as retaliation for my complaints;

21- Since that local discussion served no purpose but to put my life in jeopardy, I began to bring my complaints to Deft. Descoteaux;

22- Deft. Descoteaux, like this instant complaint of imminent death from ignoring my dilated aorta/ascending root cardiac elective/ resection surgery, has caused me to suffer greater mental/physical duress, since after reading and comprehending Dr. M. Arisan Ergin, et al., Surgical Treatment of the Dilated Ascending Aorta: When and How?, I understand that at anytime it could rupture, and due to the criminal negligence at Wellpath/CCS Shir-Med., this would be a fatal event;

23- I am being specifically denied ADA/RA reasonable accommodation of a "car" transport, as my DJD/OA/LSS causes me to fall when attempting to climb makeshift after market unstable stairs attached to the State Transportation vans;

24- Arising directly from Dr. Churchville's 8 Nov. 2018 No Stair Climbing Order, I requested on appeal to Deft. O'Gara, an ADA/RA reasonable accommodation for 'car' transport in July 2019;

25- Even after a personal meeting, where I suggested Deft. O'Gara personally stop and inspect the State vans parked in the Shirley yard, I did not receive that reasonable accommodation until 3-days after the 8 Nov. 2018 No Stair climbing Order expired, albeit, O'Gara dated it 6 Nov. 2019;

26- All my attempts to garner what Wellpath issued ADA/RA accommodations were granted me after 8 Nov. 2019, were interrupted by Deft. LaFountain;

27- I believe that Deft. LaFountain began her retalaition/ discrimination against me, when in July 2019, I filed a criminal complaint against her in the Ayer District Ct., and the nursing board for her interference in my "stolen" keep on persons (KOP) medications taken by Shir-Med. jailguard Timothy Arsenault 4 June 2019, eventhough all "11 'blister packs'" were *empty*, as I had scanned then 2-days prior to Arsenault's theft;

28- In fact, the car transport order was recided by Flores, at the behest of LaFountain, and the "No Stairs Climbing" Order authored by Dr. Churchville, unbeknowst to me, was "modified" from 'No Stair Climbing,' to 'No Stair Climbing in the housing unit,' to justify denying me car transport to (2) cardiac follow-ups in Aug 2020, and 9 Oct. 2020;

29- Deft. O'Gara was contacted by Deft. Hastings, after on 9 Oct. 2020, I personally sought Deft. Rodrigues to intervene;

30- Deft. O'Gara is presently sitting on (3) appeals I have filed for denials of reasonable accommodations from Deft's Angeles, LaFountain and Flores;

31- When Deft. O'Gara refused to respond to my "faxes", I faxed Deft. Mici, complaining that O'Gara was denying me ADA reasonable accommodation car transport for cardiac follow-ups;

32- Deft. Mici, who under c.124, §1 et seq., inter alia is empowered to perform an independent investigation into my complaints,

never does, and that ignorance of her responsibility, creates greater mental/physical duress, because as Comm'r, she is expected to be neutral and unbias to egregiousness of her employees, servants, agents, vendors, contractors, and every one else how has a symbiotic relationship with the DOC;

33- In sum, my dilated aorta/ascending root cardiac condition is serious, as the upper limits are beyond those extremes medically recognized by cardiac professionals and thoracic surgeons;

34- Without immediate elective/resection surgery, the probability of a fatal rupture and imminent death is real and genuine;

35- Despite those constitutional guarantees, and statutory proterctions, none of the hereto named defendants careless whether I die from this serious catastrophic cardiac situation;

36- As an Actual Innocent, dying in prison due to criminal neglect as to my medical treatment, deprives me of Due Processs of Law, and intentionally subjects me to cruel and unusual punishment, especially, for more than **17-months** the Wellpath/CCS defendants Descoteaux; Angeles; Flores and LaFountain have had prior notice of this serious cardiac condition, and despite that seriousness, have been criminally neglect and deliberately indifferent to my 8th Amendment rights;

37- Likewise, the DOC defendants are well aware of this serious cardiac condition, where imminent death is probable, and played it off, by passing the buck, whereas, claiming that Wellpath/CCS is responsible for my medical care, and they cannot intervene, in violation of those 8th Amendment rights, and those ADA/RA protections stemming from their use of federal funds as a public entity;

38- Without direct court TRO/PI intervention, I face imminent death, from all defendants criminal negligence; deliberate indifference.

Requested Relief:

39- I reaffirm and incorporate those statements in ¶¶1-38, as if setforth herein;

### COUNT ONE - 8TH AMENDMENT VIOLATION

40- All defendants, having personally knowledge and notice that the Plaintiff on or about April 19, 2019 was diagnosed with a dilated aorta/ascending root, outside the upper extreme limits permitted for elective/resection surgery, acted with criminal negligence/deliberate indifference, by depriving Plaintiff ADA/RA reasonable accommodation to full and unimpeded 'No Stair Climbing' and subsequent 'car' transport for follow-up cardiac consult, &/or elective/resection surgery; This 8th Amendment violation is actionable per 42 USC §1983 against all defendants in both their individual and official capacities;

41- I reaffirm and incorporate those statements in ¶¶1-40, as if setforth herein;

### COUNT TWO - 14th AMENDMENT DUE PROCESS VIOLATION

42- All defendants, having enacted policies, rules, regulations and orders consistent with obedience to the United States/Massachusetts Constitution; federal/state statues, and oaths to do no harm, have usurped, ignored, or interfered with those mandates to Plaintiff's mental/physical harm, without notice or opportunity to defend, and in so doing, have denied both procedural/substantive due process rights well established before 1 Sept. 1995.  This criminal neglect or intentional bar to due process violates Plaintiff's 14th Amendment protections actionable by 42 USC §1983, against these defendants in their individual and official capacities;

43- I reaffirm and incorporate those statements in ¶¶1-42, as if setforth herein;

### COUNT THREE - 5th AMENDMENT DUE PROCESS VIOLATION

44- All defendants by their callous disregard and criminal neglect, and such deliberate indifference to their federal/state constitutional/statutory responsibilities, have wantonly and intentionally mentally/physically inflicted actual injury, without any legitmate penological objective, and in doing so, violated the 5th Amendment's taking clause to due process of law. Whereas, each defendant with prior notice, and such egregious conduct and inactions are deliberate indifferent to Plaintiff's physical disability, towit, dilated aorta/ascending root, and by such recklessness to Plaintiff's health, well being and comfort, have subjected the Plaintiff to intentional infliction of mental/physical harm, by denying that necessary cardiac follow-up for elective/resection surgery as deemed professionally and medically required to save Plaintiff's life. These 5th Amendment violations are actionable per 42 USC § 1983 against each defendant individually and officially;

45- I reaffirm and incorporate those statements in ¶¶1-44, as if setforth herein;

### COUNT FOUR - ART. 114; c.93, $103 VIOLATIONS

46- All defendants by their egregious conduct and inactions, knowing beforehand that Plaintiff is a qualified handicapped individual, and intentionally and/or wantonly ignoring those disabilities, towit, dilated aorta/ascending root, and that imminent death without immediate surgery, deprived Plaintiff of such protections, or discriminated against him, as retalaition for past and present complaints against them.

Particularly, on the basis of Plaintiff's known disabilities to each defendant, and those guarantees afforded by the Massachusetts Art. 114 Declaration of Rights; as well as c.93, §103; c.151B, §1(17), have demonstrated retaliation/discrimination towards Plaintiff's diabilities, without any medical knowledge, skill or experience required for a legitimate diagnosis. Whereas, such egregious conduct, inaction &/or violations of those protected rights continue, compensatory and punitive damages against these defendants individually and collectively are proper, insofar as, each defendant has condoned, facilitated, engaged, or collectively conspired to deny Plaintiff those Art. 114; c.93, §103 and c.151B, §1(17) rights well estabished at law;

47- I reaffirm and incorporate those statements in ¶¶1-46, as if setforth herein;

## COUNT FIVE - ADA/RA VIOLATIONS

48- All defendants are subject to prosecution of violations of Plaintiff's ADA/RA rights under 42 USC §12132; 28 C.F.R. §35.152(b)(1); §35.152(b)(3); §35.130(a); where upon prior notice of Plaintiff's ADA/RA reasonable accommodation for car transport, did interfere, obstruct and intentionally deny such to Plaintiff's mental/physical duress, as retaliation/discrimination for Plaintiff's diabilities. All defendants are liable both individually, and officially for their inactions and reckless deliberate indifference of Plaintiff's rights.

49- I reaffirm and incorporate those statements in ¶¶1-48, as if setforth herein;

COUNT SIX - 42 USC §12203 DISCRIMINATION VIOLATION

50- All defendants did discriminate against Plaintiff directly due to his well known, and medically established disabilities. By those documented notices of Plaintiff's dilated aorta/ascending root, and the medical importance of a follow-up, &/or elective/resection surgery, and that discrimination of "modifying" a doctored ordered 'No Stairs Climbing' special medical needs restriction to assure that Plaintiff was ADA/RA reasonably accommodated, for car transport to his medical/cardiac follow-up; and such was maliciously and wantonly facilitated &/or condone by all defendants without Plaintiff having been physically examined, or diagnosed with MRI/CAT scan beforehand, each defendant is liable personally and officially, for those inactions which caused Plaintiff mental/physical herm, pain and suffering, and violated 42 USC §12203.

<u>PLAINTIFF DEMAND TRIAL BY JURY</u>

<u>PRAYER FOR RELIEF</u>:

Wherefor, Plaintiff having been subjected to defendant's intentional infliction of physical/mental injury, by knowing, wanton and criminal neglect to his federal/state constitutional rights; federal/state statutory rights, and those protected at common law, now prays that this Honorable Court grant the following relief:

A- Forthwith, enjoin all defendants by TRO/PI from further deprivation of cardiac follow-up, &/or such immediate elective/resection surgery to his dilated aorta/ascending root;

B- Forthwith enjoin defendants from denying Plaintiff any and all access to special cardiac surgeons, consultants, nurses, or any other cardiac qualified independent provider for elective/resection surgery, and follow-up, at the expense of Wellpath/CCS in its entirety;

C- Direct those DOC agents, servants, employees, and any other directly attributable to training, oversight and supervision of deft. Mici, from moving, storing, handling, or otherwise removing Plaintiff's legal/personal property from his A2 housing unit, cell #15;

D- Assign those other than equitable claims, especially those for compensatory and punitive damages to a trial by jury;

E- Award Plaintiff any and all compensatory/punitive damages entitled at law;

F- Grant all attorney costs, 42 USC §1988; 29 USC §794a, and 42 USC §12205, including costs of experts, consultations, and every expense necessary to assure Plaintiff a complete and total prosecution of his claims, and

G- Award all other relief deemed just by the Court.

Signed, this 17th day of November 2020, under pain and penalty of perjury, per 28 USC §1746, by way of personal knowledge and belief, as true and correct.

Respectfully submitted,
by, the Plaintiff,

Emory G. Snell, jr., pro se
1 Harvard Rd.
Shirley, Ma. 01464-1218

13.