EMORY G. SNELL, JR.,
    Plaintiff

vs.

STEVEN DESCOTEAUX, MD.,
STATEWIDE MEDICAL DIRECTOR
WELLPATH/CCS, in both his
individual, & official capacities;

MARIA L. ANGELES, MD.,
WELLPATH/CCS/SHIRLEY MEDIUM
MEDICAL DIRECTOR, in both her
individual & official capacities;

CARLOS FLORES, SR., NP.,
WELLPATH/CCS SHIRLEY-MEDIUM
PROVIDER, in both his
individual & official capacities;

MICHELLE LaFOUNTAIN, RN.,
WLLPATH/CCS/SHIRLEY MEDIUM,
HEALTH SERVICES ADMINISTRATOR,
in both her individual & official
capacities;

WELLPATH/CCS COPORATE, in its
official capacity;

CAROL MICI, COMM'R,
DEP'T OF CORRECTION,
in both her individual
& official capacities;

STEPHANIE Y. COLLINS,
DPTY. COMM'R CLINICAL SVCS.,
in both her individual
& official capacities;

JAMES M. O'GARA, ADA Coordinator,
DEP'T OF CORRECTIONS, in both his
individual & official capacities;

KELLY HASTINGS, DPTY WARDEN
SHIRLEY-MEDIUM ADA Administrator,
in both her individual & official
capacities;

Civil Action No._____

Oral Argument Requested
Pursuant to Loc.Rule 7.1(d)

PLAINTIFF's DECLARATION IN SUPPORT
OF TEMPORARY RESTRAINING ORDER, IN
THE ALTERNATIVE, PRELIMINARY
INJUNCTION-F.R.Cv.P. 65(a)(b), And,
§§3626(a)(1)(2) of the PLRA.

1.

MICHAEL RODRIGUES, WARDEN
SHIRLEY-MEDIUM, in both his
individual and official capacities,
    Defendants.

    Plaintiff pro se, Emory G. Snell, Jr., hereafter ("PLTF") or ("Mr. Snell") pursuant to both the Federal Rules of Civil Procedure Rule 65 and sections 3626(a)(1)(2) of the Prison Litigation Reform Act ("PLRA"), respectfully moves this Honorable Court to forthwith declare a Temporary Restraining Order ("TRO"), or in the alternative, Preliminary Injunction ("PI") commanding the named Wellpath/CCS for profit medical providers, and their cohorts, the Dep't of Corrections ("DOC") defendants, to schedule elective surgery or dissection for (1) a "dilated aorta", and (2) "ascending root" where both are past the upper extremes of those limits setforth by the Thoracic Society of Surgeons (1999)(Surgial Treatment of the Dilated Ascending Aorta: When and How? See, Exhibit "A." Plaintiff's TRO/PI is underscored by an April 12/2019 Echocardiogram Report, authored by cardiologist John Cadigan, who determined that Plaintiff's 'dilated aorta' was (4.3cm), and the 'ascending root' was (3.7cm).

    Plaintiff is in <u>imminent danger of death</u>, evinced by that Society of Thoracic Surgeons study, infra at "A" - Mandatory Indications:

> "These are usually urgent situations involving acute dissection of the ascending aorta and related pathology."

<u>id</u>. (emphasis added).

Current Recommendations: The Rationale For Elective Resection:

> "There is very little doubt that the occurrance of rupture or dissection is a <u>catastrophic</u> event that changes the natural history of a dilated ascending aorta <u>dramatically</u>. Rupture uniformly, and dissection in the vast majority of the patients is <u>fatal</u> without <u>urgent</u> surgical treatment, which carries a

2.

<u>substantially higher risk than elective surgery.</u> Even if the patient survives the acute incident as a result of a successful operation or proceeds into the chronic phase of the dissection, he or she will remain at a higher risk for distal aorta-related complications, which are the most important determinants of long-term survival in most cases. ..."

<u>id</u>. at pg.1836. (emphasis added).

> ISSUANCE OF THE TRO/PI WILL ASSURE 8th AMENDMENT
> PROTECTIONS TO PROFESSIONAL MEDICAL CARE WELL
> RECOGNIZED IN ESTELLE v. GAMBLE (1976).

In granting the Plaintiff TRO/PI forthwith relief, this most Honorable Court will continue the well established precedent of **ESTELLE v. GAMBLE**, 427 US 97 (1976), regarding the 8th Amendment protections of prisoners receiving professional medical treatment while imprisoned. The facts of the instant complaint for TRO/PI mirror that subpar deficient WELLpath/CCS Shirley-Medium criminal negligence exhibited by these same defendants in REAVES v. DEP'T of CORRECTION, 195 FSupp.3d 383 (D.Mass.2016)(Hillman,J.).

There is no question or doubt, the the 2019 'Echocardiogram' demonstrates beyond any reasonable doubt, or preponderance of the evidence, that these defendants individually, or collectively, have conspired to deny Plaintiff elective surgery or resection of his dilated aorta and ascending root, and that the fact that imminent death, is real and genuine. Defendants' clear and convincing callous and reckless disregard for that major heart surgery mandated by the dilated aorta and ascending root, unassailably violates the 8th Amendment protections afforded the Plaintiff. Indeed, the probability of imminent death is great, as those conditions underscore that a rupture or dissection is a 'catastrophic event.' <u>id</u>.

## PLAINTIFF BY PRIMA FACIE PROOF SATISFIES ALL LEGAL PREREQUISITES REQIRED FOR TRO/PI RELIEF.

By attachment of undisputed medical documentation, doctor analysis, and Society of Thoracic studies on dilated ascending aorta's, Plaintiff declares the foregoing is true and correct to the best of his personal knowledge, belief and opinion:

<u>FIRST</u>, under the medical evidence provided in support, Plaintiff is likely to succeed on the factual merits asserted, as to the imminent death, without preventive elective heart surgery to correct that 4/19/19 medically documented 'dilated aorta';

<u>SECOND</u>, Plaintiff's imminent death, is a de facto irreparable injury;

<u>THIRD</u>, Plaintiff's balance of equities, unequivocally weighs heavily in his favor, as defendant's cannot counter and reasonable argument to imminent death, and

<u>FOURTH</u>, the public interest is best served, when a citizen in the care and custody of the State, who is facing imminent death, without professional cardiac surgery, only seeks to enjoin those State actors and their cohorts from denying him due process, by his imminent death,

<u>FIFTH</u>, whereas, specifically, at Shirley-Medium, WELLPATH/CCS has previously undeniably illustrated criminal negligence in their callous and deliberate indifference for the proper professional medical treatment for prisoners under their care; coupled with the prima facie facts of Plaintiff's declaration, TRO/PI is the only available judicial vehicle to protect Plaintiff's life.

## PLAINTIFF's TRO/PI REQUEST COMPORTS NARROWLY TO PLRA's MANDATE PURSUANT TO 18 USC §§3626(a)(1)(A);3626(a)(2)

Whereas, per the PLRA, Plaintiff's TRO/PI request is seeking only to compel these defendant's to prevent his imminent death by well established - ESTELLE v. GAMBLE - professional medical treatment for further prevention of his imminent death due to a probable rupture or dissection of his dilated aorta/ascending root. This Court's inherent power to enjoin violations of the Plaintiff's 8th Amendment right against cruel and unusual punishment - REAVES v. DOC - is in keeping with the PLRA's mandates. See, 18 USC §§3626 (a)(1)(A); 3626(a)(2).

## PLAINTIFF's REQUEST RELIEF TRO/PI

For the reasons setforth by that medical evidence, Thoracic study, by Plaintiff's declaration, and precedent, Plaintiff hereby respectfully prays for the following relief:

1- Forthwith enjoin defendants - WELLPATH/CCS & DOC - from denying Plaintiff immediate cardiac consult, &/or elective surgery/resection of his 'dilated aorta/ascending root' within (10)days;

2- Order that all Plaintiff's property, presently confined to his Shirley-Medium housing Unit A2, cell #15, remained stored there under lock and key, and that defendant's assume all liability for loss, damage or replacement from their neglect conduct attributable to any loss, theft or damage, at a per diem of $500.00 dollars;

3- Decree, upon recovery of cardiac surgery, Plaintiff's care and treatment will be dicated not by WELLPATH/CCS, but by and through the direction, orders, or recommendations of any and all cardiac surgeons, nurses, consultants, or any other medical professional independent of WELLPATH/CCS; and all such costs, fees, expenses or remuneration will be the sole duty and responsibility of WELLPATH/CCS/DOC, and

4- Adjudicate that anyother medical treatment required will forthwith begin as needed upon recommendation of any cardiac specialist, doctor, nurse, or other cardiac qualified medical professional, not associated with WELLPATH/CCS/DOC.

5- Award the Plaintiff any and all other further required relief, deemed necessary by this most Honorable Court.

Signed, this 17th day of November 2020, pursuant to 28 USC §1746, by way of personal knowledge, belief and opinion, as true and correct.

Respectfully submitted,
by, the Plaintiff,

Emory G. Snell, Jr., pro se
1 Harvard Rd.
Shirley, Ma. 01464-1218