UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EMORY G. SNELL, JR., )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>MD STEVEN DESCOTEAUX, et al., )<br>      Defendants. )<br>) | Civil Action No.<br>20-cv-12093-NMG |

ORDER

GORTON, J.

Pro se litigant Emory G. Snell, who is incarcerated at MCI Shirley, brings this action for alleged violations of his federal and state rights, claiming that the defendants have failed to provide him adequate treatment and accommodations for a severe cardiac condition. Snell has also filed motions for a temporary restraining order/preliminary injunction, leave to proceed in forma pauperis, the appointment of pro bono counsel, and additional time to complete service.

I.  Motion for Leave to Proceed in Forma Pauperis

In his memorandum in support of the motion for leave to proceed in forma pauperis (Docket Entry No. 7), Snell acknowledges that he is a "three strikes" litigant and therefore cannot proceed in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[Section] § 1915(g) merely establishes a threshold procedural

question and does not ask the court to evaluate the merits of the suit." Andrews v. Cervantes, 493 F.3d 1047, 1057 (9th Cir. 2007); see also Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003) (same).

Snell contends he meets this requirement because he suffers a serious cardiac condition that, if not monitored and treated, could result in death. In his complaint Snell alleges that, On April 19, 2019, Dr. John Cadigan, a cardiologist, diagnosed Snell with dilated aorta and ascending root "both beyond their respective upper limits which require [e]lective/resection surgery." Compl. at 1. Snell filed a copy of his June 12, 2019 echocardiogram report which indicates that the internal diameters of his ascending aorta and aortic root are indeed above normal. (Docket Entry #9).

Snell included with his complaint a copy of a 1999 medical article authored by seven doctors concerning "elective" (i.e., prophylactic) surgery for a dilated ascending aorta to avoid "mandatory" surgery when there is acute dissection, spontaneous rupture, or intramural hematoma to the ascending aorta. (Docket Entry #1-2 at 3-8). The authors report that the mortality rate for mandatory dilated ascending aorta surgery patients is three times higher than the mortality rate for patients receiving prophylactic surgeries for the same condition. Id. at 7. The article further states that the mortality rates for the surgery

2

patients over 60 was approximately four times greater than that of the younger surgery patients.  Id.

On the present record, Snell has adequately pled that he is in imminent danger of serious bodily injury.  The Court may reasonably infer from Snell's complaint and other filings that he suffers from a potentially life-threatening cardiac condition, and that the condition needs periodic monitoring to avoid death or the need for emergency surgery.  See, e.g., Vandiver v. Prison Health Servs., Inc., 727 F.3d 580, 587 (6th Cir. 2013) ("[F]or the purposes of § 1915(g), an individual afflicted with a chronic illness that left untreated would result in serious injury faces imminent danger when the illness is left untreated.").  The Court can also reasonably infer that plaintiff alleges that he is being denied this treatment because of the ~~alleged~~ purported misconduct of one or more of the defendants. /s/NMG

II. Motion for a Temporary Restraining Order/Preliminary Injunction

Snell filed with his complaint a "Declaration in Support of Temporary Restraining Order, in the Alternative, Preliminary Injunction" (Docket Entry No. 2-1) and a "Memorandum of in Support of TRO/PI Motion" (Docket Entry No. 2).  Although Snell did not file a freestanding motion for a temporary restraining order or a preliminary injunction, the "Declaration" reads as such.  Therefore, the Clerk shall rename the "Declaration" as a

motion for a temporary restrain order and/or a motion for a preliminary injunction.

In the "Declaration," which is now treated as a motion, Snell asks that the Court enjoin the defendants from denying him an "immediate cardiac consult, &/94 elective surgery resection of his 'dilated aorta/ascending root.'" Declaration at 5. Snell also asks that the Court order that, "upon recovery of cardiac surgery, [his] care and treatment will be dictated not by WELLPATH/CCS, but by and through the direction, orders, or recommendations of any and all cardiac surgeons," and that "any other medical treatment required will forthwith begin as needed upon recommendation of any cardiac specialist . . . or other cardiac qualified medical profession, not associated with WELLPATH/CCS/DOC." Id.

Insofar as Snell seeks a temporary restraining order, the motion is DENIED. Snell has not shown, nor can the Court discern, and reason why the Court should grant the requested relief without first permitting the defendants to respond. The motion will remain pending on the docket as a motion for a preliminary injunction.

### III. Order

In accordance with the foregoing, the Court hereby orders:

1.  The motion for leave to proceed in forma pauperis is conditionally ALLOWED. Snell has not provided a six-month

4

prison account statement as required by 28 U.S.C. § 1915(a)(2). Although Snell avers that he has been without any money in his prison account for five years, he is still statutorily required to submit a six-month prison account statement. Snell shall file a six-month prison account statement within forty-five days. Failure to do so could result in the revocation of <u>in forma pauperis</u> status and Snell will not be allowed to prosecute this action until the filing fee is paid in full. The Clerk shall send a copy of this order to the treasurer of MCI Shirley or other institution having custody of the plaintiff.

    2.   Snell's "Declaration in Support of Temporary Restraining Order, in the Alternative, Preliminary Injunction" (Docket Entry No. 2-1) shall be treated as a motion for a temporary restraining order and/or preliminary injunction, and the Clerk shall rename the document accordingly.

    3.   The aforesaid motion for injunctive relief is DENIED insofar as Snell seeks a temporary restraining order. The motion will remain pending on the docket as a motion for a preliminary injunction.

    4.   The Clerk shall issue summonses for all defendants. Snell is responsible for serving the complaint, motion for a preliminary injunction (and the supporting memorandum), summonses, and this order on the defendants in compliance with

5

Rule 4 of the Federal Rules of Civil Procedure and Local Rule 4.1.

5.  Snell must complete the aforesaid service within 90 days of the date of this order. Failure to complete service in a timely fashion may result in dismissal of this action without further notice from the Court. See Fed. R. Civ. P. 4(m); Local Rule 4.1. The motion for an extension of time to complete service shall be terminated as moot.

6.  Because Snell is proceeding in forma pauperis, he may elect to have service completed by the United States Marshals Service ("USMS"). If Snell chooses to have service completed by the USMS, he shall provide the agency with all papers for service on the defendant and a completed USM-285 form for each party to be served. The USMS shall complete service as directed by plaintiff with all costs of service to be advanced by the United States. The Clerk shall provide Snell with forms and instructions for service.

7.  The motion for appointment of counsel is DENIED WITHOUT PREJUDICE to renewal after the defendants have been served with and responded to the complaint.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: 04/13/2021