UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMORY G. SNELL, JR.,<br>        Plaintiff,<br><br>        v.<br><br>MD STEVEN DESCOTEAUX, et al.,<br>        Defendants. | Civil Action No.<br>20-cv-12093-NMG |

ORDER

GORTON, J.

Now before the Court is plaintiff Emory Snell's motion for sanctions against George Puddister IV, the attorney for defendants Steven Descoteaux, Maria Angeles, Carlos Flores, and Michele LaFountain ("Medical Defendants") (Docket #41). For the reasons set forth below, the Court will DENY the motion.

Snell's motion is based on an assertion that Attorney Puddister made in the Medical Defendants' first motion for an extension of time to respond to the complaint and motion for a preliminary injunction (Docket #35). In this motion, the Medical Defendants, through Attorney Puddister, claimed that Snell would not be prejudiced by the requested extension of time "where he is a 'three-strikes' litigant with a very lengthy history of filing frivolous lawsuits." Id. at 2. In support of this assertion, Attorney Puddister referred to the first page of this Court's order allowing Snell's motion to proceed in forma

pauperis (Docket #18) and the First Circuit's opinion in Snell
v. Dickhaut, No. 19-2018, p. 3 (1st Cir. May 25, 2021) (mandate
issued Aug. 18, 2021).  Following these citations, Attorney
Puddister asserted: "The Medical Defendants contend that they
require additional time in the instant matter to fully
demonstrate that this matter is yet another frivolous lawsuit
filed by the Plaintiff."  Mot. for Extension of Time at 3.

In Snell's present motion for sanctions (Docket #41), Snell
contends Attorney Puddister committed fraud on the Court because
neither source cited by Attorney Puddister characterizes Snell
as having a lengthy history of frivolous lawsuits.  Snell is
correct that neither citation directly states that Snell has a
lengthy history of filing frivolous lawsuits.  In its order
allowing Snell's motion for leave to proceed in forma pauperis,
this Court did state that Snell is a "three-strikes litigant,"
but that does not state or even imply that he has a very lengthy
history of filing frivolous lawsuits.  In its May 25, 2021
opinion in Snell v. Dickhaut, the First Circuit stated that
Snell has "greatly aided in keeping the federal and state
judiciaries busy" and that his lawsuit was "one of at least 170
he has filed challenging his conviction and his prison
conditions," Snell v. Dickhaut, No. 19-2018, p. 3 (1st Cir. May
25, 2021), but the First Circuit did not characterize these
lawsuits as frivolous.

2

Nonetheless, with the possible exception of the phrase
"three strikes," the assertion that Snell is "a 'three-strikes'
litigant with a very lengthy history of filing frivolous
lawsuits" was not a direct quotation or presented as such.  In
fact, Attorney Puddister's citation to the First Circuit's
opinion includes a parenthetical accurately summarizing and
directly quoting the appellate court.

Attorney Puddister did not commit a direct fraud on the
Court.  His characterization of Snell's litigation, while not
fully supported by citations, was not demonstrably false.
Further, it was not material to the Court's decision to allow
the motion for an extension of time to respond to the complaint.[1]

Accordingly, the motion for sanctions is DENIED.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: 09/24/2021

---

[1] Notwithstanding, it is unfortunate that the Medical Defendants,
through counsel, implied in their motion that Snell's pleading
could not be anything other than frivolous simply because of his
litigation history.