UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMORY SNELL, )<br>   *Plaintiff,* )<br>)<br>v. )<br>)<br>STEVEN DESCOTEAUX, et al., )<br>   *Defendants.* ) | No. 1:20-cv-12093-NMG |

**MEDICAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE THE MEDICAL DEFENDANTS' ANSWER AND AFFIDAVITS**

For the reasons set forth below, Defendants Steven Descoteaux, M.D.; Maria Angeles, M.D.; Carlos Flores, N.P.; and Michelle Lafountain, R.N. (collectively, the "***Medical Defendants***") hereby oppose Plaintiff Emory Snell's ("***Plaintiff***") Motion to Strike (#85) the Medical Defendants' Answer (#81), the Affidavit of John S. Straus, M.D. (#82-1), and the Affidavit of Michelle Lafountain, R.N. (#82-3).

*Plaintiff's Motion to Strike the Medical Defendants' Answer*

Plaintiff provides no cognizable basis for striking the Medical Defendants' Answer (#81), which they timely filed on September 10, 2021. See Doc. #58 (Order allowing enlargement to September 10, 2021 to answer the complaint). A motion to strike material from a pleading lies to eliminate "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) is "designed to reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct." Minahan v. Town of E. Longmeadow, 2014 WL 1652646, at *2 (D. Mass. Apr. 22, 2014), report and recommendation adopted, 2014 WL 2040161 (D. Mass. May 15, 2014). "However, it has been constantly decided that motions of this nature are not favored and should not be granted, even in cases where the averments complained of are literally within the provisions of Rule 12(f) of the Federal Rules of Civil Procedure, in the absence

of a demonstration that the allegations attacked have no possible relation to the controversy and may prejudice the other party." Gilbert v. Eli Lilly Co., 56 F.R.D. 116, 120–21 (D.P.R. 1972) (*collected cases*).

Plaintiff asserts that the Medical Defendants' Answer should be stricken because it is "inaccurate." Based upon his lay interpretation of two-decades old medical literature, Plaintiff contends that he is in imminent danger of serious bodily injury if he does not receive *immediate* cardiac surgery - an opinion that his cardiologists at the Lemuel Shattuck Hospital and the Boston Medical Center have not embraced. Therefore, Plaintiff cannot show that the Medical Defendants' "defense is clearly legally insufficient, as, for example, when there is clearly no bona fide issue of fact or law." United States v. 729.773 Acres of Land, 531 F. Supp. 967, 971 (D. Haw. 1982) (citations omitted). Plaintiff's Motion to Strike Defendants' Answer must be denied.

### *Plaintiffs Motion to Strike the Medical Defendants' Affidavits*

Plaintiff moves to strike the Affidavit of John S. Straus, M.D. (#82-1) for "failing to adhere to the personal knowledge requirements and based upon Plaintiff's assertion that he was served with only five pages of the affidavit. Rule 12(f) may be applied to strike affidavits in support of pleadings that include inadmissible hearsay or lack personal knowledge. See Holloman v. Clarke, 244 F.Supp.3d 223, 227 (D. Mass. 2017). Dr. Straus' affidavit, however, should not be stricken because he establishes sufficient personal knowledge by his consultation with staff, his training and experience as a physician, and his analysis of Plaintiff's medical records. (#82-1, ¶ 3). An affiant's familiarity and personal review of pertinent records suffices to establish personal knowledge. See Holland v. Select Portfolio, Inc., 301 F.Supp.3d 218, 223 (D.Mass. 2018) (bank vice president's familiarity and review of pertinent bank records constitutes personal knowledge); Schwimmer v. Kaladjian, 988 F. Supp. 631, 641 (S.D.N.Y. 1997), aff'd, 164 F.3d 619 (2d Cir.

1998) (physician's affidavit based on the review of medical records constitutes personal knowledge). Plaintiff's critique of Dr. Straus' interpretation of certain record entries (Defendant Flores' March 28, 2019 chronic care assessment; and content of Plaintiff's May 31, 2019 sick slip) do not diminish the sufficiency of Dr. Straus' personal knowledge of Plaintiff's medical conditions and treatment.[1]

Plaintiff also moves to strike the Affidavit of Michelle Lafountain, R.N. (#82-3) because the affidavit stated that Ms. Lafountain was unaware that Plaintiff had filed a criminal complaint and a Nursing Board complaint against her. Plaintiff now asserts that he "verbally informed Lafountain that complaints would be filed," not that he actually filed them. Even if Plaintiff did convey such a verbal threat, Ms. Lafountain's statement is accurate, and Plaintiff's claim of a fraudulent affidavit is specious.[2]

**WHEREFOR**E, Plaintiff's Motion to Strike (#85) should be **DENIED**.

Respectfully submitted,

Defendants Steven Descoteaux, M.D.; Maria Angeles, M.D.; Carlos Flores, N.P.; and Michelle Lafountain, R.N.,

By their attorney,

*/s/ William D. Saltzman*
William D. Saltzman, BBO #439749
KOUFMAN & FREDERICK, LLP
145 Tremont Street, 4th Floor
Boston, MA 02111
(617) 423-2212
ws@kflitigators.com

Dated: October 4, 2021

---

[1] Plaintiff also asserts that he was not served with all pages of Dr. Straus' affidavit. Any missing pages were by inadvertence, and the undersigned counsel is mailing a new copy of the affidavit to Plaintiff simultaneous to the filing of this Opposition.

[2] Finally, for the reasons set forth in the Medical Defendants' Opposition (#82) to Plaintiff's Motion for a Preliminary Injunction (349), the Medical Defendants also oppose Plaintiff's Motion to Strike to the extent that he seeks to rehash his demand for a preliminary injunction.

## *CERTIFICATE OF SERVICE*

  I, William D. Saltzman, certify that on the 4th day of October, 2021, a copy of the above pleading was filed with the ECF System and sent electronically to the registered participants identified on the Notice of Electronic Filing, with paper copies being sent to those indicated as non-registered participants.

               /s/ *William D. Saltzman*
               William D. Saltzman