United States District Court
District of Massachusetts

```
_____
                                )
Emory G. Snell, Jr.,            )
                                )
        Plaintiff,              )
                                )
    v.                          )
                                )     Civil Action No.
Steven Descoteaux, et al.,      )     20-12093-NMG
                                )
        Defendants.             )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

Since his 1995 conviction for the murder of his wife, plaintiff Emory G. Snell, Jr. ("Snell" or "plaintiff"), has been committed to the custody of the Massachusetts Department of Corrections ("the DOC").  During that period, he has filed more than 170 lawsuits challenging his conviction and prison conditions. See Snell v. Neville, 998 F.3d 474, 478 (1st Cir. 2021).  This action arises from Snell's allegations that various individuals employed by or affiliated with the DOC have violated his rights under federal and state law by failing to provide him with adequate medical treatment and reasonable accommodations for a cardiac condition.

There is a proliferation of motions pending before the Court including motions for a preliminary injunction and for

-1-

default judgment, filed by Snell, and a motion to dismiss the complaint, filed by several of the defendants.

For the reasons set forth below, defendants' motion to dismiss will be allowed, in part, and denied, in part. Plaintiff's motion for a preliminary injunction will be denied, as will the rest of pending motions.

## I. **Background**

### A. Parties

Plaintiff Emory Snell is an inmate at Massachusetts Correctional Institute – Shirley ("MCI - Shirley"), where he is serving a life sentence without parole.

#### i. The medical defendants

Defendant Steven Descoteaux, M.D., was, at the time of the filing of the complaint, the statewide medical director of Wellpath, a company that contracts with the DOC to provide medical services to inmates. Defendant Maria Angeles, M.D., is the Wellpath medical director for MCI - Shirley. Defendant Michelle LaFountain, R.N., is the Wellpath Health Services Administrator at MCI - Shirley and defendant Carlos Flores, Sr., N.P., is a Wellpath employee at MCI - Shirley. The Court refers to those individuals collectively as "the medical defendants".

#### ii. The DOC defendants

Defendant Carol Mici is the Commissioner of the Massachusetts DOC. Defendant James O'Gara is the Americans with

Disabilities Act ("the ADA") Coordinator for the DOC.  Defendant
Kelly Hastings is the Deputy Superintendent of Reentry at MCI -
Shirley.  Defendant Michael Rodrigues is the Superintendent of
MCI - Shirley.  The Court refers to those individuals
collectively as "the DOC defendants".

### B. Facts

The present action arises out of two related disputes
pertaining to Snell's medical treatment and reasonable
accommodation (or the alleged lack thereof).

With respect to Snell's medical care, in April, 2019, he
was diagnosed with a heart condition, namely, a dilated aorta
and an ascending root, by Dr. John Cadigan, a cardiac
specialist.  Snell states that he contacted defendant Descoteaux
in March, 2020, informing him of his condition and the need for
a follow-up.  Snell alleges that, as of the November, 2020, when
he filed the complaint, no follow-up had been scheduled.  He
claims that he faces a "real and genuine" possibility of aortic
rupture and death without immediate surgery.

In addition, Snell contends that his diagnosis opened
another front in his decade-long campaign against the repeated
denials by prison officials of his requests for a "no stair
climbing" order.  The First Circuit Court of Appeals ("the First
Circuit") has recounted the history of that dispute at length
and the Court will not do so again here. Snell, 998 F.3d at 479-

84.  For the purpose of the present action, Snell alleges that prison officials have failed reasonably to accommodate his request for transport to his medical appointments by car, rather than by van.  The vans at issue are entered by way of stairs, whereas cars are not.  Snell avers that his knee and back condition cause him to fall "when attempting to climb makeshift after market [sic] unstable stairs" attached to the vans.

In November, 2020, Snell filed a six-count complaint against the medical and DOC defendants, alleging: 1) violation of the Eighth Amendment's prohibition of cruel and unusual punishment, 2) deprivation of his right to due process under the Fourteenth Amendment, 3) deprivation of the same under the Fifth Amendment, 4) violation of Article 114 of the Massachusetts Declaration of Rights and of M.G.L. c. 93, § 103 and c. 151B, § 1, 5) violations of the Americans with Disabilities Act ("the ADA") and Rehabilitation Act, 29 U.S.C. § 701 et seq., and 6) violation of 42 U.S.C. § 12203, the provision of the ADA which prohibits retaliation.  Snell thereafter moved for, inter alia, a preliminary injunction to require defendants schedule heart surgery for him.

In September, 2021, the DOC defendants moved to dismiss Snell's claims.  A panoply of other motions has been filed, mostly by Snell.

-4-

## II.  **Pending Motions**

The ten pending motions are as follows: 1) Snell's
supplemental motion for a preliminary injunction (Docket No.
49), 2) his motion to strike the medical defendants' answer and
affidavits submitted in conjunction with their opposition to his
motion for a preliminary injunction (Docket No. 85), 3) the DOC
defendants' motion to dismiss for failure to state a claim
(Docket No. 88), 4) plaintiff's second motion for default
judgment (Docket No. 91), 5) plaintiff's motion to stay decision
on his motion to strike (Docket No. 93), 6) plaintiff's
supplemental motion for default judgment (Docket No. 94), 7)
plaintiff's "verified omnibus motion" to, inter alia, provide
for funds to retain a cardiologist (Docket No. 95), 8) the
motion of the DOC defendants to stay discovery (Docket No. 96),
9) plaintiff's renewed request for appointment of counsel and a
preliminary injunction (Docket No. 97) and 10) plaintiff's
"motion/status report and request for oral argument" (Docket No.
98).

The Court first addresses plaintiff's motion for default
judgment and his supplemental motion for default judgment.  It
then turns to the DOC defendants' motion to dismiss and the
motion for preliminary injunction and finally considers the
remaining motions to the extent they remain unresolved.

**A. Motions for Default Judgment**

Snell has moved for default judgment against the DOC defendants, contending that their motion to dismiss was untimely filed and that, rather than consider it, the Court should enter default judgment in Snell's favor.

The relevant facts are as follows.  In July, 2021, the DOC defendants filed a motion for an extension of time until September 28, 2021, to answer or otherwise respond to Snell's complaint which the Court allowed.  Several weeks later, however, the Court limited that enlargement of time and directed the DOC defendants to file responsive pleadings on or before September 10, 2021.  The DOC defendants filed their motion to dismiss on September 28, 2021, i.e. the original deadline.  Two weeks later, Snell filed the pleading now under consideration which he later supplemented.

Fed. R. Civ. P. 55 provides that a federal court may order a default judgment when a party against whom judgment is sought has "failed to plead or otherwise defend" an action.  Default judgment is a "drastic sanction" and contrary to the "goals of resolving cases on the merits and avoiding harsh or unfair results." Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 51 (1st Cir. 2009) (internal punctuation omitted).

Default judgment is inappropriate here.  The DOC defendants have not "failed to plead or otherwise defend" in this action.

Fed. R. Civ. P. 55.  Rather, they filed the pending motion to dismiss 18 days after the deadline imposed by the Court and more than two weeks before Snell filed his motion for default judgment.  What Snell requests is, in essence, default judgment as a sanction for the late responsive pleading. See Lewis v. Kennebec Cty., No. 16-00559, 2017 U.S. Dist. LEXIS 79622 at *10-11 (D. Me. May 24, 2017).  Such sanction is unwarranted for at least three reasons: 1) the DOC defendants, though in error, were compliant with the original deadline of September 28, 2021, 2) Snell has shown no prejudice resulting from the delay and 3) he filed an unrelated pleading on September 22, 2021, in which he could have requested entry of default but did not. See id.

**B. Motion to Dismiss**

The DOC defendants have moved to dismiss Snell's claims and argue that, as to each, Snell has failed to state a claim upon which relief can be granted.  Snell has not filed an opposition to that motion although, as set forth above, he has sought default judgment on the basis of its untimely filing.

**i. Legal Standard**

To survive a motion under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).  A court also may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Ocasio-Hernandez, 640 F.3d at 12.  Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers and are read liberally on a motion to dismiss. Boivin v. Black, 255 F.3d 36, 43 (1st Cir. 2000).  Even pro se pleadings must, however, follow procedural and substantive law and, therefore, present sufficient facts to suggest an actionable claim. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass 2001) (citing

Lefebvre v. Comm'r Internal Rev., 830 F.2d 417, 419 (1st Cir. 1987)).

### ii. Application

Snell's first claim alleges that the defendants violated his Eighth Amendment right not to be subjected to cruel and unusual punishment by failing to accommodate his stair-climbing limitation and by failing to provide appropriate transportation to cardiac consultations, i.e. a car which did not require him to climb steps.

The gravamen of the second claim, violation of due process rights under the Fourteenth Amendment, is unclear but likewise appears to concern defendants' alleged failure to provide adequate cardiac care, including heart surgery that Snell contends is medically necessary.  Snell's third claim, violation of his due process rights under the Fifth Amendment, relates to the same alleged conduct.

Snell's fourth claim alleges that the defendants discriminated and retaliated against him for complaints he filed pursuant to Article 114 of the Massachusetts Declaration of Rights, M.G.L. c. 93, § 103 and M.G.L. c. 151B, § 1.  That claim, too, is less than clear but Snell appears to allege that defendants LaFountain and Flores retaliated against him by rescinding a "no stairs climbing" order that had been issued in his favor in 2018.

Snell's fifth claim alleges that the defendants violated the ADA and the Rehabilitation Act when they denied him car transportation.

Finally, Snell's sixth claim alleges that the defendants discriminated against him in violation of 42 U.S.C. § 12203 when they failed to provide him with suitable transportation to his follow-up cardiac appointments.

### a. Eighth Amendment

The Eighth Amendment to the United States Constitution protects against the infliction of "cruel or unusual punishments". U.S. Const. amend. VIII, cl. 3.  It prohibits, among other things, the "unnecessary and wanton infliction of pain".  Rhodes v. Chapman, 452 U.S. 337, 346 (1981).  Deliberate indifference to the serious medical needs of prisoners qualifies as such and, accordingly, may constitute a violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97 (1976).

A plaintiff alleging a deliberate indifference claim must satisfy two conditions.  He must first show that, as an objective matter, he has a "serious medical need" that has received inadequate care. Abernathy v. Anderson, 984 F.3d 1, 6 (1st Cir. 2020).  A serious medical need is one which has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would "easily recognize the necessity for a doctor's attention". Id.  With respect to adequate care, the

Eighth Amendment does not require that prison officials "cater to an inmate's preferred healthcare regimen". Snell, 998 F.3d at 495. Rather, they must provide healthcare reasonably commensurate with modern medical science, of a quality "acceptable within prudent professional standards". Id. (quoting United States v. Derbes, 369 F.3d 579, 583 (1st Cir. 2004)). That inquiry is fact-specific and must be tailored to the particular circumstances. Abernathy, 984 F.3d at 6.

With respect to the second condition, the plaintiff must demonstrate that prison administrators have been deliberately indifferent to his serious medical need. Id. Deliberate indifference implicates the subjective intentions of prison officials and mere inadvertent failure to provide adequate care does not suffice. See Snell, 998 F.3d at 497. Rather, plaintiff must show "wanton disregard" akin to criminal recklessness, i.e. that the administrators were conscious of easily preventable impending harm and failed to act. Abernathy, 984 F.3d at 6. Defendants' knowledge of the need for medical care and their intentional refusal to provide it may constitute deliberate indifference. Leavitt v. Corr. Med. Servs., 645 F.3d 484, 499 (1st Cir. 2011) (citations omitted). Deliberate indifference encompasses, however, only a "narrow band of conduct" which is "so inadequate as to shock the conscience". Snell, 998 F.3d at 497.

Snell has stated a claim for an Eighth Amendment violation with respect to his medical care.  He has a serious medical need, i.e. his cardiac condition.  He alleges that 1) his condition requires medical treatment, 2) the DOC defendants are aware of that condition and 3) he has been denied treatment, specifically, necessary consultations and surgery.  As discussed below, affidavits submitted in conjunction with other pending motions cast considerable doubt upon the veracity of some of those allegations.  Nevertheless, the Court is limited in the material which it may consider in resolving a motion to dismiss and, accordingly, concludes that Snell has stated a claim for an Eighth Amendment violation. Haley, 657 F.3d at 46.

Snell's Eighth Amendment claim fails, however, with respect to the "no stair climbing" order.  Prison officials who are not medical professionals, such as the DOC defendants, are "generally justified in relying on the expertise and care of prison medical providers". Snell, 998 F.3d at 497 (quoting Matthews v. Pennsylvania Dep't of Correction, 613 F. App'x 163, 170 (3d Cir. 2015)).  Such officials cannot be found to possess the requisite scienter of deliberate indifference when it is alleged, without more, that they followed the medical opinions of healthcare professionals. Id.  Unlike his cardiac condition, which Snell alleges has been totally neglected despite the awareness of all defendants of its severity, the issue of his

-12-

transportation has been the subject of medical recommendations upon which the DOC defendants are entitled to rely, namely the absence of a "no stair climbing" restriction. Id.

Finally, Snell alleges violation of the excessive fines clause, which is inapplicable because no fine has been imposed, and the ex post facto clause, which is not a part of the Eighth Amendment and is inapplicable in any event because no ex post facto law is at issue here.  U.S. Const. amend. VIII, cl. 2 (prohibiting excessive fines), Art. I, sec. IX, cl. 3 (prohibiting ex post facto laws).

### b. Fourteenth Amendment

The Fourteenth Amendment protects both substantive and procedural due process.  Its substantive due process protections have been limited, for the most part, to matters "relating to family, procreation, and the right to bodily integrity". Albright v. Oliver, 510 U.S. 266 (1994).  Further, where a particular constitutional amendment provides "an explicit textual source of constitutional protection" it, rather than the general notion of substantive due process, is the guide for analyzing constitutional claims. Graham v. Connor, 490 U.S. 386, 395 (1989) (considering alleged seizure under Fourth Amendment rather than Fourteenth Amendment).  Snell's claims of inadequate medical care are thus properly considered within the framework

of the Eighth Amendment and the Court will not analyze them under the Fourteenth Amendment. Id.

Snell also alleges that defendants have deprived him of his rights to procedural due process but does not elaborate upon that claim.  Reading the complaint liberally, the Court cannot discern any allegation which would give rise to such a claim. Boivin, 255 F.3d at 43.  Snell's claims of medical neglect are equally unavailing whether they are construed as procedural due process claims or as substantive due process claims, see Graham, 490 U.S. at 395, and his accommodation claims do not implicate a liberty interest protected by that Amendment, Riva v. Brasseur, 2016 U.S. App. LEXIS 23932 (1st Cir. 2016).

### c. Fifth Amendment

The Due Process clause of the Fifth Amendment applies only to the actions of the federal government. Martinez-Rivera v. Ramos, 498 F.3d 3, 8 (1st Cir. 2007).  It does not apply to state actors, such as prison officials, and therefore Snell cannot maintain a Fifth Amendment claim against the DOC defendants. See id.  The Takings clause, to which Snell also adverts, concerns the taking of property without just compensation and has no application to his allegations. U.S. Const. amend. V. (". . . . nor shall private property be taken for public use, without just compensation").

### d. Discrimination claims

Snell alleges violations of the ADA, 42 U.S.C. § 12132, the Rehabilitation Act, 29 U.S.C. § 794 and Article 114 of the Massachusetts Declaration of Rights.  Because all three statutes prohibit the same kind of discrimination, the Court "can analyze them simultaneously through the rubric of the ADA." Snell, 998 F.3d at 498.  The ADA forbids several classes of discrimination, and relevant to this action is its requirement that public entities accommodate an individual's disability where accommodation is needed to provide "meaningful access to a public service". Nunes v. Mass. Dep't of Corrections, 766 F.3d 136, 145 (1st Cir. 2014).  Snell contends that denying him car transportation contravenes the statute.  Here, too, the DOC defendants are entitled to defer "to medical personnel on medical questions" such as whether Snell can climb the several steps into the van and Snell's claim of failure to accommodate is unavailing as to those defendants. Snell, 998 F. 3d at 501.

In addition, Snell alleges that defendants violated the retaliation provisions of the ADA, 42 U.S.C. § 12203, by denying him car transportation to medical appointments.  Although the claim is purportedly against all defendants, Snell does not allege that retaliatory actions were taken against him by any of the DOC defendants.

**e. State law claims**

Finally, Snell alleges violations of M.G.L. c. 93, § 103 and M.G.L. c. 151B.  Section 103 of Chapter 93 incorporates the rights against handicap discrimination protected by Article 114 of the Massachusetts Declaration of Rights and provides the "procedural path" to enforce those rights. Carleton v. Commonwealth, 858 N.E.2d 258, 273 (Mass. 2006), Mammone v. President & Fellows of Harvard College, 847 N.E.2d 276, 277 n.2 (Mass. 2006).  It offers no basis for Snell's claims.

Chapter 151B generally prohibits employment discrimination on the basis of disability. See M.G.L. c. 151B.  Snell's complaint cites the section of the statute defining the term "handicap".  The definitions section of 151B does not create any rights and Snell cannot state a claim thereunder.  In any event, Chapter 151B relates to employment discrimination, a matter as to which the allegations in the complaint have no bearing. See, e.g. Thurdin v. SEI Boston, LLC, 895 N.E.2d 446, 447 (Mass. 2008).

**C. Motion to Strike Affidavits**

Snell has moved to strike two affidavits submitted by Dr. John Straus and defendant Michelle LaFountain in conjunction with the medical defendants' opposition to his motion for a preliminary injunction.  Snell contends that the affidavits are fraudulent.  He asserts that Dr. Straus has no personal

-16-

knowledge of the matters contained within the affidavit, i.e.
Snell's medical care, and that several statements are false.
Snell avers that the affidavit made by LaFountain is deceptive
because she contends that she was unaware until the commencement
of the present action that Snell had filed against her 1) a
criminal complaint and 2) a complaint with the Board of
Registration in Nursing.  Snell rejoins that, in June, 2019, he
had verbally informed LaFountain that he was going to file
complaints against her.

Under Fed. R. Civ. P. 56, an affidavit must be made by one
who is competent to testify on the matter, based on personal
knowledge and include admissible evidence. Fed. R. Civ. P.
56(c)(4).  In the preliminary injunction context, however, a
court has "broad discretion" with respect to the evidence that
it may consider. Rice v. Wells Fargo Bank, N.A., 2 F. Supp. 3d
25, 31 (D. Mass. 2014).  It may rely on otherwise inadmissible
evidence, including hearsay. Asseo v. Pan American Grain Co.,
Inc., 805 F.2d 23, 26 (1st Cir. 1986).  The crucial question is
whether, based on the totality of the circumstances, the
"evidence [is] appropriate given the character and objectives of
the injunctive proceeding." Id.

The Court will not strike the affidavits because Snell's
claims of fraud lack merit.  Straus has knowledge of Snell's
condition through consultation with clinical staff and his

review of records which is sufficient to support his affidavit.
See Holland v. Select Portfolio, Inc., 301 F. Supp. 3d 218, 223
(D. Mass. 2018).  Snell also alleges that the Straus affidavit
contains various misstatements but they are, at most,
inconsequential and do not warrant striking the entire
affidavit.  With respect to LaFountain, Snell asserts that her
affidavit is "deceptive" because she had prior knowledge of his
complaint but he admits that he does not, in fact, know whether
she was provided notice of them.  Because Snell proffers no
evidence that the LaFountain affidavit is false in any respect,
it will not be stricken.

### D. Motion for Preliminary Injunction

Snell has moved for a preliminary injunction against all
defendants.  He seeks to have the Court affirmatively require
the defendants to provide him with cardiac consultations and
surgery.  He further requests that the Court direct that his
care be performed by medical professionals not associated with
Wellpath.  Finally, he seeks an order requiring that all of his
property remain stored in his cell "under lock and key" and that
defendants assume liability "for loss, damage or replacement" of
that property "at a per diem of $500.00".

### i. Legal Standard

In considering a motion for a preliminary injunction, the
Court must consider: 1) the plaintiff's likelihood of success on

the merits, 2) the potential for irreparable harm if the injunction is withheld, 3) the balance of hardships and 4) the effect on the public interest. <u>Jean</u> v. <u>Mass. State Police</u>, 492 F.3d 24, 26-27 (1st Cir. 2007).  Out of these factors, the likelihood of success on the merits "normally weighs heaviest in the decisional scales", <u>Coquico, Inc.</u> v. <u>Rodriguez-Miranda</u>, 562 F.3d 62, 66 (1st Cir. 2009), and if a plaintiff is unable to show a reasonable likelihood of success, "the remaining factors become matters of idle curiosity", <u>Jean</u>, 492 F.3d at 27 (quoting <u>New Comm. Wireless Servs., Inc.</u> v. <u>SprintCom, Inc.</u>, 287 F.3d 1, 9 (1st Cir. 2002)).

The Court may accept as true "well-pleaded allegations [in the complaint] and uncontroverted affidavits." <u>Rohm & Haas Elec. Materials, LLC</u> v. <u>Elec. Circuits</u>, 759 F. Supp. 2d 110, 114, n.2 (D. Mass. 2010) (quoting <u>Elrod</u> v. <u>Burns</u>, 427 U.S. 347, 350, n.1 (1976)).  The Court may also rely on otherwise inadmissible evidence, including hearsay, in deciding a motion for preliminary injunction. <u>See</u> <u>Asseo</u> v. <u>Pan American Grain Co., Inc.</u>, 805 F.2d 23, 26 (1st Cir. 1986).

Ultimately, however, the issuance of preliminary injunctive relief is "an extraordinary and drastic remedy that is never awarded as right." <u>Peoples Fed. Sav. Bank</u> v. <u>People's United Bank</u>, 672 F.3d 1, 8-9 (1st Cir. 2012) (quoting <u>Voice of the Arab World, Inc.</u> v. <u>MDTV Med. News Now, Inc.</u>, 645 F.3d 26, 32 (1st

-19-

Cir. 2011)).  It should issue "only where the intervention of a court of equity is essential in order effectually to protect property rights against injuries otherwise irremediable." Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982) (citation and internal quotations omitted).

### ii. Application

As a preliminary matter, Snell cannot show a reasonable likelihood of success with respect to the claims which will be dismissed as to the DOC defendants.  Plaintiff fares no better as to the medical defendants who are similarly situated in all relevant respects.  The Court thus further addresses Snell's motion only with respect to his Eighth Amendment claim.

None of the preliminary injunction factors weighs in favor of Snell.  The Straus affidavit and supporting medical records show that Snell has been receiving medical care for his condition which, while not in accordance with his preference for immediate surgery, does not constitute deliberate indifference to his health in violation of the Eighth Amendment. See Snell, 998 F.3d at 495.  Rather, the Straus affidavit indicates that Snell is consulting with medical providers at least once a month (and often more frequently) with the exception of several months in 2020 at the height of the COVID-19 pandemic.  None of those providers has prescribed Snell's preferred course of surgical treatment.

While Snell undoubtedly has health problems which the Court does not take lightly, the Court will not order the defendants to schedule immediate heart surgery, a procedure which itself carries risk, when none of his treating physicians has recommended it.

**E. Other motions**

The Court briefly addresses the other pending motions. Snell's motion to stay decision on the motion to strike will be denied as moot, as will his motion for oral argument.  The motion to strike the medical defendants' answer will be denied because rather than demonstrate inaccuracies in the answer, Snell merely takes umbrage with the fact that defendants do not accept his interpretation of the medical literature or his preferred course of treatment.  The other motions will also be denied.

**ORDER**

For the foregoing reasons:

— plaintiff's supplemental motion for a preliminary injunction (Docket No. 49) is **DENIED;**

— plaintiff's motion to strike defendant's answer and affidavits (Docket No. 85) is **DENIED;**

— the motion of defendants Kelly Hastings, Carol Mici, James O'Gara and Michael Rodrigues ("the DOC defendants") to dismiss the complaint for failure to state a claim (Docket No. 88) is, with respect to Counts II, III, IV, V and VI, **ALLOWED,** but otherwise, **DENIED;**

-21-

- plaintiff's second default judgment motion (Docket No. 91) is **DENIED**;

- plaintiff's motion to stay decision on defendants' opposition to motion to strike (Docket No. 93) is **DENIED as moot**;

- plaintiff's supplemental motion for default judgment (Docket No. 94) is **DENIED**;

- plaintiff's "verified omnibus motion" for funds to retain a cardiologist and pulmonary specialist, to retain a court reporter to transcribe depositions and to appoint counsel (Docket No. 95) is **DENIED**;

- the motion of the DOC defendants to stay discovery (Docket No. 96) is **DENIED as moot**;

- plaintiff's "renewed request to appoint counsel and enter preliminary injunction" (Docket No. 97) is **DENIED**; and

- plaintiff's "motion/status report" and request for oral argument (Docket No. 98) is **DENIED as moot**.

**So ordered.**


     /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 16, 2022