```
                  United States District Court
                    District of Massachusetts
 _____
                                )
Emory G. Snell, Jr.,            )
                                )
        Plaintiff,              )
                                )
        v.                      )
                                )    Civil Action No.
Steven Descoteaux, et al.,      )    20-12093-NMG
                                )
        Defendants.             )
 _____ )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the motion of defendants Steven Descoteaux, M.D., Maria Angeles, M.D., Carlos Flores, N.P. and Michelle LaFountain, R.N. (together, "the Medical Defendants") for a protective order (Docket No. 145) exempting them from the obligation to respond to certain requests for admission served by plaintiff Emory G. Snell ("Snell" or "plaintiff"), and the motion of Snell for, inter alia, "belated leave to serve" those requests for admission (Docket No. 148). For the reasons that follow, the Medical Defendants' motion will be allowed. Snell's motion will be denied, in part, and otherwise held under advisement.

I.  **Background**

Plaintiff, a prisoner proceeding pro se, alleges that various people employed by or affiliated with the Department of

Corrections have violated his rights under federal and state law by failing to provide him with adequate medical treatment and reasonable accommodations for a cardiac condition.

Snell commenced this action in November, 2020, and has since zealously pursued his claims. He has filed approximately two dozen motions seeking various forms of relief and, of present concern, has served nearly 500 requests for admission upon the Medical Defendants. The Medical Defendants have answered 61 of those requests but object to answering the remainder.

## II. Motion for Protective Order

For good cause shown, a court may issue a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense". Fed. R. Civ. P. 26(c)(1). The burden of demonstrating good cause rests on the proponent of the protective order. Pub. Citizen v. Liggett Grp., Inc., 858 F.2d 775, 789 (1st Cir. 1988). A district court has "broad discretion" to decide "when a protective order is appropriate and what degree of protection is required". Poliquin v. Garden Way, Inc., 989 F.2d 527, 532 (1st Cir. 1993) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984)); see Wilson v. Pharmerica Corp. Long Term Disability Plan, No. 14-12345-LTS, 2015 U.S. Dist. LEXIS 99026 at *2 (D. Mass. 2015).

Good cause for the protective order sought exists here because the number of requests for admission served by Snell far exceeds the limits imposed by the Local Rules, which restrict each side to 25 requests. L.R., D. Mass. 26.1(c).  Answering over 400 more requests for admission than contemplated by the Local Rules is plainly an undue burden for the Medical Defendants.

Snell admits that he has not complied with Local Rule 26.1(c) but pleads ignorance.  Even setting that excuse aside, however, his arguments──which consist mostly of objections to the answers he has already received and a scattershot of ad hominem attacks directed at defense counsel──are unpersuasive.

## ORDER

For the foregoing reasons, the motion for a protective order (Docket No. 145) filed by defendants Steven Descoteaux, M.D., Maria Angeles, M.D., Carlos Flores, N.P. and Michelle LaFountain, R.N. is **ALLOWED**.  Snell is prohibited from serving additional requests for admission without leave of court.

Snell's motion (Docket No. 148) is, to the extent it seeks leave to serve additional requests for admission, **DENIED**.  To the extent it seeks appointment of counsel it is held under advisement, as are all other pending motions.

**So ordered.**

                                           /s/ Nathaniel M. Gorton
                                           Nathaniel M. Gorton
                                           United States District Judge

Dated: July 15, 2022