```
                   United States District Court
                     District of Massachusetts
```

|                              |   |                      |
|------------------------------|---|----------------------|
| **Emory G. Snell, Jr.**,     | ) |                      |
|                              | ) |                      |
|         Plaintiff,           | ) |                      |
|                              | ) |                      |
|         v.                   | ) |                      |
|                              | ) | Civil Action No.     |
| **Steven Descoteaux, et al.**, | ) | 20-12093-NMG       |
|                              | ) |                      |
|         Defendants.          | ) |                      |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court are two motions filed by plaintiff Emory G. Snell, Jr., a prisoner proceeding pro se. The first (Docket No. 151) seeks a temporary restraining order preventing defendants, who are prison officials and other affiliated people, from relocating him to another housing unit during scheduled repairs to the prison's roof. The second (Docket No. 154) requests reconsideration of the Court's July 15, 2022 memorandum and order denying him leave to serve approximately 400 additional requests for admission. For the reasons that follow, both motions will be denied.

I. **Background**

Snell commenced this action in November, 2020, alleging that various people employed by or affiliated with the Department of Corrections have violated his rights under federal

-1-

and state law by failing to provide him with adequate medical treatment and reasonable accommodations for a cardiac condition. Most of those claims were dismissed in March, 2022.

Discovery on the remaining claims followed and, in June, 2022, several defendants moved for a protective order relieving them from the obligation to answer nearly 400 requests for admission served by Snell, i.e. several hundred more than permitted by Local Rule 26.1(c).  Snell opposed the motion and moved for "belated leave to serve" such requests.  The Court allowed defendants' motion and denied Snell's in July, 2022. Shortly thereafter, Snell filed the two pending motions.

## II.  Motion for Temporary Restraining Order

A motion for a temporary restraining order is evaluated by the same four factors as a motion for a preliminary injunction, namely: 1) the likelihood that the movant will succeed on the merits, 2) whether the movant is likely to suffer irreparable harm in the absence of preliminary relief, 3) the balance of the equities and 4) whether an injunction is in the public interest. Voice of the Arab World, Inc. v. MDTV Medical News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011); see Commerce Bank & Trust Co. v. Prop. Adm'rs, Inc., 252 F. Supp. 3d 14, 16 (D. Mass. 2017) (applying factors to motion for temporary restraining order). Out of those factors, the likelihood of success on the merits "normally weighs heaviest in the decisional scales", Coquico,

Inc. v. Rodriguez-Miranda, 562 F.3d 62, 66 (1st Cir. 2009), and if a plaintiff is unable to show a reasonable likelihood of success, "the remaining factors become matters of idle curiosity", Jean v. Mass. State Police, 492 F.3d 24, 27 (1st Cir. 2007) (quoting New Comm. Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002)).

Snell desires to remain in his housing unit during scheduled repairs to the prison roof. Adverting to his cardiac condition, he asserts that he may suffer a heart attack if he is required personally to move his voluminous legal files to a new location. While it might seem that his concern would be dispelled if prison officials were to transport his files instead, such a solution is apparently cold comfort to Snell, who contends that without his oversight at both the departure and arrival locations (which, as he concedes, is physically impossible), an "orderly setup" of his files cannot be assured. Rather, Snell insists that his relocation is unnecessary, expressing confidence in the safety of the roofing materials.

Snell's arguments are unavailing. Prison officials maintain broad discretion to transfer prisoners, such as Snell, and a temporary transfer for the duration of facility repairs is no abuse of that discretion. Jackson v. Comm'r of Correction, 448 N.E.2d 60, 62 (Mass. 1983) (holding that the Commissioner "has broad discretion under Massachusetts law to transfer and to

place inmates confined within the Massachusetts correctional system"). With respect to Snell's legal files, it is undisputed that they are voluminous. See Snell v. Neville, 998 F.3d 474, 481 n.10 (1st Cir. 20221) (noting that Snell has over 140 boxes of legal material). It is less clear, however, where they are currently located—Snell is permitted only one cubic foot of them in his cell, see 103 C.M.R. 403.10(2)(c)—or where they would be relocated, if at all. Nevertheless, the Court is unaware of how Snell's access to his legal files, most of which are not in his cell, see id. (requiring excess documents to be stored in a pre-determined storage area), has any bearing upon his likelihood of success with respect to his pending motion for a temporary restraining order.

Snell therefore fails to demonstrate a reasonable likelihood of success on the merits of his motion. That deficiency essentially ends the matter, see Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993) (explaining that "[i]n the ordinary course, plaintiffs who are unable to convince the trial court that they will probably succeed on the merits will not obtain interim injunctive relief"), but, even if it did not, Snell fares no better with respect to the remaining factors. So long as Snell is not denied access to his legal files, irreparable harm cannot result from a denial of his motion, nor any adverse balance of the equities or interest of the public.

### III. Motion for Reconsideration

Snell has also moved for reconsideration of the Court's prior ruling denying him leave to serve approximately 400 requests for admission. While the Court has "substantial discretion and broad authority to grant or deny" a motion for reconsideration, Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008), a motion for reconsideration generally should be allowed only if the movant demonstrates 1) an intervening change in the law, 2) the discovery of new evidence or 3) a manifest error of law, Lyons v. Fannie Mae, No. 18-10365-ADB, 2019 U.S. Dist. LEXIS 74006, at *7 (D. Mass. May 1, 2019). Mere disagreement with a judicial decision is not an adequate basis for reconsideration. Ofori v. Ruby Tuesday, Inc., 205 F. App'x 851, 852-53 (1st Cir. 2006). Because Snell offers no persuasive argument in favor of reconsideration, his motion will be denied.

## ORDER

For the foregoing reasons, the motion of plaintiff Emory G. Snell, Jr. for a temporary restraining order (Docket No. 151) is **DENIED**; provided, however, that the Department of Corrections shall assure that Snell retains such access to his legal files during his transfer for roof repairs as is comparable to that which he is usually afforded.  Snell's motion for reconsideration of the Court's order denying him leave to serve approximately 400 requests for admission (Docket No. 154) is **DENIED**.  All other pending motions are held under advisement. **So ordered.**

    /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: August 11, 2022