Emory G. Snell, Jr.
1 Harvard Rd.
Shirley, MA 01464-1218

September 24, 2022

Honorable Nathaniel M. Gorton
United States District Court
In Chambers - Suite 3110
1 Courthouse Way
Boston, MA 02210

Re:   SNELL v. DESCOTEAUX No. 20-12093NMG –
      EMERGENCY ORAL ARGUMENT REQUESTED

Honorable Mr. Justice Gorton:

On 9-19-2022 I attempted to email an unverified Emergency letter to the Court, as a prejudiced pro se prisoner litigant, I am barred PACER electronic docketing, unlike the Defendants' counsel, whose pleadings are presented in milliseconds, evinced by their earlier filed Enlargement motions to answer. **None** of the defendants are cardiologists, nor did any prescribe my ELIQUIS heart medication. My intent is to rectify the lack of verification, by submission of that proximate causation "imminent death" action from the Defendants' gross criminal negligible to a 2019 echocardiogram doctor diagnosed "Dilated Ascending Aortic Root." See, DE#14 (4/13/2021).

I request that due to the (9/24/2022) Wellpath Defendants' conflict of interest (as retaliation for the instant action), in denying to renew Keep On Person (KOP) ELIQUIS BMC cardiologist Dr. Nedeljkovic prescribed heart medications, that the Court forthwith enjoin this capricious life-threatening act, Ordering ELIQUIS returned to KOP. My earlier letter evinced past examples of

DOC/Wellpath Defendants, regarding many egregious ELIQUIS, BETAPACE, PLAVIX denials. Particularly one where DOC/Shirley supervisor cohort ordered me to "file a grievance", ignoring probable irreversible cardiac damage outlined by (Physician's Desk Reference) warnings of adverse consequences involved with sudden stoppage of taking critical medications.

Before the indiscriminate confiscation, ELIQUIS was in my possession (unquestionably showing retaliation, I currently have 20+ KOP medications in my cell) for more than 20-months without incident. The genuine hardship I face, being wheelchair-bound for distance exceeding 30 feet is, that I must convince another prisoner to push me the mile or more, wait sometimes nearly 30-plus/minus minutes for distribution in a crowded Covid adverse space, and do so, twice daily at any hour of the day, in freezing rain, snow, ice and sub-zero wind gusts, absent climate (water proof/heavy layered down) appropriate winter clothing, despite doctor-prescribed 8AM and 8PM consumption of my medications.

In SNELL v. NEVILLE, USDC No. 16-11643DJC and USAC No. 20-1918, the Courts took notice of my serious pulmonary (COPD/Asthma) "upper respiratory infections" detailed by Wellpath/Concord Medical Director Lawrence Churchville, MD., deposed on my chronic medical maladies. On June 4, 2019, Defendant Flores misdiagnosed my pneumonia, and I was rushed to UMASS Leominster emergency. My last wheelchair-pusher (Byrous Sanders) was paroled. I've requested three-prisoners to replace Sanders to DOC defendant Hastings, who ignored my requests.

In closing, the 6/7/2021 cardiac echocardiogram showed a *minor* Dilated Ascending Aortic Root reduction, denied either 3006A counsel or cardiologist expert assistance, I surmise that once a crucial ascending aorta is dilated, it will *never* be as strong, making acute dissection, spontaneous rupture and intramural hematoma an imminent danger of sudden death. The Thoracic Society

1995-1999 (DE#1-2 at 3-8) studies have evinced, imminent death is real and risks are four-times greater in patients over 60 (I'm 66 years od). id. The Court can reasonably infer that the *continuing* misconduct of these defendant's, in denying my ESTELLE "adequate medical care" and that *ongoing* retaliation interfering with Dr. Nedeljkovic prescribed ELIQUIS heart medications, is a serious assault on my life, demanding forthwith action by the Court.

Signed this 26th day of September 2022 per 28 USC 1746 by personal knowledge and pain of perjury.

Respectfully submitted,
by the Plaintiff

*[signature: Emory G. Snell, Jr.]*

Emory G. Snell, Jr., pro se

cc: William Saltzman