UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EMORY G. SNELL, JR.
Plaintiff,

v.                                                          No. 20-12093NMG

STEVEN DESCOTEAUX, et al.,
Defendants.

PLAINTIFF'S VERIFIED MOTION TO ENJOIN ALL DEFENDANTS' RETALIATORY CONFISCATION OF DOCTOR-PRESCRIBED ELIQUIS, OR ANY CARDIAC AND OTHER CRITICAL CARE KEEP ON PERSON (KOP) MEDICATIONS.

Comes now, Emory G. Snell, Jr, Plaintiff severely and irreparably injured by capricious ongoing gross criminal negligence of the Defendants, and moves this Honorable Court to forthwith, and forever enjoin the arbitrary confiscation and Order return of critical cardiologist prescribed ELIQUIS for Keep On Person (KOP). The ELIQUIS was specifically cardiologists-prescribed after 2/19/2021 CT (Rb82) angiogram that diagnosed *three* grossly occluded coronary arteries, e.g., RCA 100; LCX 100% and LAD lesion 30%. *none* of the Defendants are cardiologists or prescribed the ELIQUIS. Plaintiff unassailably avers the following facts are undisputed as a matter of law, and irreparable injury; balance of harms; strong likelihood of success favors him. This Court's action will be narrowly drawn and will be of utmost public interest. See, DURAN v. ANAYA, 642 FSupp 510, 527 (DNM 1986)("Respect for law, particularly by officials responsible for the administration of the State's penal system is itself a matter of highest public interest"). This verified motion is carried by prior pleadings; the above letters, before the Court, underlined by Thoracic Society studies submitted as exhibits. The Defendant's retaliatory

ELIQUIS confiscation was not premised by any wrongdoing of Plaintiff, or prior notice permitting meaningful hearing at meaningful time. Plaintiff's fear of future irreparable cardiac medication seizure injury, and definite irreversible heart harm prompts his request to forthwith enjoin the defendant's from permanently placing him ever again in a life-threatening cardiac situation.

UNDISPUTED MATERIAL FACTS - ELIQUIS KOP'D FOR 20+ MONTHS W/O INCIDENT.

1. Plaintiff Suffers Irreparable Injury.

Plaintiff's irreparable injury is clearly underpinned by Pharmaceutical (Physician's Desk Reference) warnings of irreversible cardiac damage from sudden stops of ELIQUIS. In past written communications to the Defendants, Plaintiff has demonstrated the Pharmaceutical warnings, and the critical mandates of uninterrupted twice daily consumption of ELIQUIS. The Court can infer that doctor prescribed ELIQUIS resulted from an angiogram, and further angioplasty, where BMC cardiologist Nedeljkovic implanted a RCA stent, but not in the LCX, arising from in toto occlusion. The reasonable inference is underscored by defendants' gross criminal negligence, in deliberate delays to promptly diagnose Plaintiff's serious cardiac "chest pains" in 2016. Without expert cardiologists assistance, Plaintiff's belief and opinion is, had "adequate [cardiac] medical care" constitutionally required been administered pursuant to the Supreme Court's ESTELLE v. GAMBLE, 429 US 97 (1976)("intentionally interfering with treatment doctor prescribed" is a form of deliberate indifference) in 2016, he neither would be suffering a Dilated Ascending Aortic Root; THREE occluded coronary arteries or negligently subjected for 9+-months to America's #1 heart killer Atrial Fibrillation (Afib). Plaintiff correctly avers the retaliatory confiscation of his KOP ELIQUIS, will again put him in jeopardy of a life-

threatening irreversible cardiac damage, and at considerable risk of immediate imminent death, from acute dissection, spontaneous rupture or intramural hematoma, as Thoracic Society studies [DE#1-2 at 3-8] currently before the Court undeniably illustrate Plaintiff is among the class of patients at *four* times greater risk. id. See, ESTELLE v GAMBLE, 429 US 97, 105 (1976); ELROD v BURNS, 427 US 347, 373 (1976)(As a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm); WILLIAMS v. LANE, 646 FSupp 1379, 879 (ND ILL 1986), aff'd 851 F2d 867 (7th Cir 1988), cert denied 109 SCt 879 (1989)(applying ELROD irreparable injury to prison medical causations).

2. Plaintiff's Likelihood Of Success Is Great.

To succeed in permanently enjoining defendant's from arbitrarily seizing his ELIQUIS, and any other Keep On Person (KOP) cardiac or chronic care medications, Plaintiff relies on exhibits referred to by the Court (4/13/2021)(DE#14), particularly Thoracic Society studies (DE#1-2 at 3-8) id. Importantly is that Plaintiff's life-threatening cardiac situation places him at FOUR times greater risk of imminent death from acute dissection, spontaneous rupture or intramural hematoma, arising from mandatory surgery. Therefore, the Court must infer that on the record, Plaintiff's likelihood of success is great, requiring forthwith enjoining defendant's present and future capricious cardiac medication seizure, or spurious confiscation of other KOP medications. Undeniable support arises from Plaintiff's ongoing possession of 20+ KOP medications without incident, which patently illustrates the capriciousness of the present unlawful takings. See, DACE v. SOLEM, 858 F2d 385, 387-88 (8th Cir 1988)(failure of prison doctor to carry out surgery is deliberate indifference'); ESTELLE, 429 US at 105.

3. Balance Of Harms Strongly Favors Plaintiff.

    Defendant's opposition will no doubt speak of Plaintiff being offered ELIQUIS twice daily by travelling more than a mile to the med window. However, specifically detailed in the 9-26-2022 verified letter to the Court, such ability causes undisputed mental/physical duress, that itself is life-threatening to Plaintiff's cardiac condition. Indeed, that factious averment itself does not provide any reasonable solution, insomuch as extreme winter exposure without any appropriate winter waterproof/heavily layered down outerwear, creates another dangerous circumstance, as Wellpath Medical Director Lawrence Churchville, MD, has previously diagnosed Plaintiff susceptible to "upper respiratory infections." Intentionally inflicting cruel and unusual punishment for no legitimate penological objective, is abhorred by the 8th Amendment. See, FARMER v. BRENNAN, 511 US 825, 838 (1994).

4. Public Interest Best Served By Forthwith Enjoining Arbitrary ELIQUIS Seizure.

    It is beyond cavil that cardiac damage in prison is life-threatening VANDIVER v. PRISON HEALTH SVCS, 727 F3d 580, 587 (6th Cir 2013)(" ... an individual afflicted with a chronic illness that left untreated would result in serious injury faces imminent danger when the illness is left untreated")(DE#14 at *3). Indeed, the public interest is best served when ELIQUIS and other crucial doctor prescribed medications are dispensed as Ordered. The Court in LLEWELLYN v. OAKLAND COUNTY PROSECUTOR'S OFFICE, 402 FSupp 1379, 1393 (ED Mich 1975)("The Constitution is the ultimate expression of the law"), counselled as applied to the instant action, shows what's in the public interest, is for defendant's to obey the 8th Amendment, vis-à-vis being deliberately indifferent to medical treatment once prescribed. ESTELLE, 429 US at 105; DACE, 858 F2d at 387-88.

Conclusion

Wherefor Plaintiff again defendant's gross criminal negligence has subjected him to life-threatening irreversible cardiac damage, this Honorable Court must forthwith enjoin the arbitrary confiscation of KOP ELIQUIS, and permanently enjoin them from future capricious seizures. Per 3006A, Plaintiff renews his request to assign counsel. So moved.

Signed this 24th day of September 2022, by personal knowledge and pain of perjury

Respectfully submitted,
by the Plaintiff

*Emory G. Snell, Jr. pro se*

Emory G. Snell, Jr., pro se

Proof of Service

I, certify that a true copy was served by regular first-class mail on:

William Saltzman
Koufman Fredrickson, LLP
145 Fremont St, 3rd Floor
Boston, MA 02111