United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| Emory G. Snell, Jr., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. |
| Steven Descoteaux, et al., | ) | 20-12093-NMG |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court are several motions filed pro se by plaintiff Emory G. Snell, Jr. ("Snell" or "plaintiff"), an inmate housed at the Massachusetts Correctional Institution in Shirley, MA ("MCI-Shirley"). A motion for leave to depose plaintiff filed by the defendants is also currently pending before the Court.

**I.   Background**

Plaintiff commenced this action in November, 2020, alleging that various people employed by or affiliated with the Massachusetts Department of Correction ("the DOC") and Wellpath LLC ("Wellpath") - a private company that provides health services to inmates housed at MCI-Shirley and other DOC facilities - violated his rights under federal and state law by failing to provide him adequate medical treatment and reasonable

- 1 -

accommodation for a cardiac condition. All but one of plaintiff's claims were dismissed in March, 2022. See Docket No. 101.

Plaintiff has filed a plethora of motions since that order was entered, seeking various injunctions, compelled discovery, the imposition of sanctions on counsel for the defendants, the appointment of counsel on his behalf and other relief. At issue are the following motions:

- Plaintiff's motions for the appointment of counsel (Docket Nos. 192, 212 and 216).
- Plaintiff's motions to compel discovery, conduct depositions and/or stay the proceedings (Docket Nos. 175, 191, 193, 194, 208, 212, 224 and 225).
- Plaintiff's motions for a preliminary injunction (Docket Nos. 215 and 228).

Furthermore, the Medical Defendants have moved for leave to depose plaintiff pursuant to Fed. R. Civ. P. 30(a)(2)(B). See Docket No. 211.

## II. Plaintiff's Motions for the Appointment of Counsel

Snell has filed numerous motions seeking the appointment of counsel. As the Court has previously explained, the Criminal Justice Act does not provide for the use of public funds to represent a prisoner in a non-habeas civil action. See 18 U.S.C. § 3006(a)(1)-(2).

To the extent that Snell moves this Court to appoint pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1), such statute provides that "[t]he court may request an attorney to represent" an indigent litigant. A civil plaintiff does not, however, have a constitutional right to free counsel. See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Nor is the denial of counsel in the pending case "likely to result in fundamental unfairness impinging on his due process rights." Id.

The Court has nevertheless directed that a description of this case be circulated among attorneys who have expressed an interest in providing pro bono representation on behalf of indigent litigants. See Docket No. 187. The Court cannot, however, guarantee that pro bono counsel will be located or willing to represent plaintiff and, in any event, the case must go forward.

### III. **Plaintiff's Motions to Compel Discovery**

Snell has moved to compel initial Fed. R. Civ. P. 26(a) disclosures and/or to compel discovery responses several times. See Docket Nos. 175, 191, 194, 208, 212, 224 and 225. Having reviewed the initial disclosures provided to plaintiff by defendants, the Court is satisfied that those disclosures are sufficient under Rule 26(a).

As defendants point out, it is permissible for the disclosing party to provide "a description by category and

location" of documents which it possesses or controls and may use to support its claims or defenses. See Fed. R. Civ. P. 26(a)(1)(A)(ii). The disclosing party need not provide a copy of all such documents as part of its initial disclosures. The Court will therefore deny Snell's motions to compel to the extent they dispute the adequacy of defendants' initial disclosures pursuant to Rule 26(a).

Furthermore, plaintiff has not provided any information necessary to evaluate the propriety of the relief sought in his various motions to compel discovery responses, such as identification of the specific discovery requests he has served upon defendants, defendants' responses and objections (or lack thereof) to those requests or any impropriety thereof. Snell's motions to compel discovery, construed as seeking relief under Fed. R. Civ. P. 37(a), will also be denied.

Although plaintiff's motions to compel do not appear to arise from any failure of defendants to produce documents which were properly requested pursuant to Fed. R. Civ. P. 34, the Court is cognizant that the plaintiff in this case is a prisoner proceeding pro se. In view of that fact, the Court will instruct defendants to respond and/or object in the manner set forth by Fed. R. Civ. P. 34(b)(2) to the discovery that Snell has requested in Docket No. 208 despite the improper manner in which he made those requests and the subsequent close of fact

discovery. Such response will be provided to Snell within 30 days of the issuance of this order. No other exceptions to the deadline for fact discovery will be made.

Finally, plaintiff has moved for leave to depose certain defendants by oral examination and to issue subpoenas for the production of documents in conjunction with those depositions, all at the expense of the government. See Docket No. 193. Plaintiff does not need to seek leave of this Court to notice, arrange and conduct any depositions that he wishes to take. He is required, however, to "give reasonable written notice to every other party" of a suitable time and place for the deposition and of the deponent's name and address. Fed. R. Civ. P. 30(b)(1). As the party noticing the deposition, Snell is also required "to procure [an] officer to administer the oath and record the deposition." See Hudson v. Spencer, No. 11-12173-NMG, 2014 U.S. Dist. LEXIS 185223, at *26 (D. Mass. Nov. 4, 2014); see Fed. R. Civ. P. 30(b)(3)(A), (b)(5). Plaintiff's purported inability to meet these requirements does not entitle him to transfer such responsibilities or the associated costs to the government.

IV.  **Plaintiff's Motions for a Preliminary Injunction**

Snell filed a motion for a preliminary injunction concerning access to the law library and his legal papers in February, 2023. See Docket No. 215. As an initial matter, it is

not apparent that the injunctive relief he seeks is "based on the claims set forth in the Complaint." Lyons v. Wall, No. 08-498-ML, 2010 U.S. Dist. LEXIS 139482, at *5 (D.R.I. Oct. 26, 2010), report and recommendation adopted by 2011 U.S. Dist. LEXIS 2602 (D.R.I. Jan. 10, 2011).  For instance, plaintiff refers to the purported noncompliance of defendants with a state court injunction issued in November, 2020, and attaches affidavits from fellow prisoners averring that their access to a tablet-based legal research application has been interrupted from time to time.  According to the affidavits, that application was not, however, provided in the first instance until September, 2022.  Those allegations are dissimilar in timing and substance to the allegations in the complaint concerning Snell's cardiac care.

On April 13, 2023, plaintiff filed a motion for a preliminary injunction with respect to the storage of, and access to, his voluminous legal materials. See Docket No. 228. In support thereof, he has attached a letter sent to him by Shawn Zoldak, the current Superintendent of the Massachusetts Department of Correction, which informs him that, inter alia, he has not received permission to store his 90+ boxes of excess legal materials as required by 103 C.M.R. 403.10(2)(c), and that such material may soon be deemed contraband and disposed of pursuant to 103 C.M.R. 403.15.

Defendants have not yet responded to either of Snell's motions for injunctive relief and will be directed to do so within 14 days of the issuance of this memorandum and order. The legal materials in dispute must not be treated as contraband or be disposed of in the interim but the Court will otherwise hold the motions under advisement until it has the opportunity to review the response of the DOC Defendants.

V.  **The Medical Defendant's Motion for Leave to Depose the Plaintiff**

The Medical Defendants seek leave to depose Snell pursuant to Fed. R. Civ. P. 30(a)(2)(B), which they are required to do because he is confined in prison. See Docket No. 211. Defendants aver that they expect to file a motion for summary judgment and seek leave to depose plaintiff within 45 days after this Court rules on such motion.  According to the Medical Defendants, the deposition is necessary for their trial preparation and because of Snell's failure to answer interrogatories and requests for document production.  The motion will be allowed.

**ORDER**

For the foregoing reasons:

- Plaintiff's motions for the appointment of counsel (Docket Nos. 192, 212 and 216) are **DENIED**;

- Plaintiff's motions to compel discovery, conduct depositions and/or stay the proceedings (Docket Nos. 175, 191, 193, 194, 208, 212, 224 and 225), subject to the Court's direction that defendants respond to the discovery requests plaintiff set out at Docket No. 208 within 30 days of this order, are **DENIED**;

- Plaintiff's motions for a preliminary injunction (Docket Nos. 215 and 228) will be held under advisement pending the response of the DOC Defendants due within 14 days of this order; and

- Defendant's motion for leave to depose the plaintiff (Docket No. 211) is **ALLOWED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated:  April 21, 2023