UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EMORY G SNELL JR.,
    Plaintiff

No. 20-cv-12093-NMG

v

STEVEN DESCOTEAUX, et al.,
    Defendants

PLAINTIFF'S VERIFIED MOTION TO ENLARGE TIME TO REPLY TO DOC DEFENDANTS SUMMARY JUDGMENT UP TO AND UNTIL SEPTEMBER 9, 2023

    Plaintiff is severely aggreived by wholesale deprivation of any adequate, effective and meaningful court access, and for those reasons hereto, move this Honorable Court to grant leave to enlarge time to make a responsive opposition to the summary judgment tendered by the DOC defendants. In support herein, Plaintiff affirms the following:

    1- From the onset, Plaintiff has been per se prejudiced by bar to skilled legal advocate and experts to unassailably show that due to unconscionable delays in mandated constitutional adequate cardiac care, earlier "2016" chest pains complaints were ignored, until such time, THREE YEARS LATER, in 2019 an echocardiogram revealed a "Dilated Aorta & Aortic Root," that presented "imminent death" to Plaintiff by acute dissection, spontaneous rupture or intramural hematoma. See, Docket Entry #9; Complt. at 1.;

1

2-    Plaintiff from the start through verified complaint, clearly set forth genuine issues of material fact, that but for interference of DOC defendant's, O'Gara; Hastings; Rodrigues, and Mici, timely reasonable accommodations to alternate transport would have permitted cardiac diagnostics, before his Dilated Ascending Aorta & Aortic Root, became dangerous extended beyond maximum permissible internal diameters, which caused Plaintiff to fear daily imminent death. docket Entry #1-2 at 3-8;

3-    Indeed, the unconscionable delays in cardiac treatment from 2016, arising from barred transport, easily meets the 8th Amendment subjective/objective threasholds, insofar as, Plaintiff's complaint and other filings show that he suffers from a potentially life-threatening cardiac condition, and that the condition needs periodic monitoring to avoid death. See, 2021 US Dist LEXIS 3;

4-    Accordingly, without counsel or cardiac experts, which by their summary judgment motion DOC defendant's have unfrettered access to, Plaintiff who is neither a lawyer or doctor, must conduct extensive legal research to oppose. Recently, despite those undeniable hardships, this Court denied Plaintiff both FASTCASE law "app" already bought and paid for by Massachusetts taxpayers, and pulled from Plaintiff's educational tablet, but also, necessary DOC defendant's supplied BOUNDS/CASEY meaningful court access by necessary law library access. In fact, both DOC/Medical defendant's have UNLIMITED legal research capacity, compared to Plaintiff's less than 8hrs weekly, usually less, caused by DOC staff shortages;

5- Penultimately, DOC defendant's attempt by fraud on the court to aver "qualified immunity" &/or "Respondent Superior" defenses. Plaintiff is well aware that neither is per se automatic, For example, in the instant case, each of the government defendant's had been personally notified that Plaintiff's medical treatment was being unconscionably delayed due to refusal to provide reasonable accommodation, e.g., alternative transport to medical appointments. Having such notice personally, none of these dOC defendant's can claim qualified immunity. See, HARLOW v FITZGERALD, 457 US 800, 818 (1982)("Qualified immunity 'protects public officials from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known'"). See, PENNSY DOC v YESKEY, 524 US 206 (1998) (establishing for ADA purposes prisons are "public entities" required to afford prisoners with handicaps reasonable accommodations);

6- DOC defendant's have no standing to claim respondent superior. The Due Process Clause applies the 14th Amendment Equal Protection under law to these state actors. When a state actor, such as each of those at bar interfere, obstruct or deny Plaintiff adeqaute cardiac care, that violation constitutes liability under 42 USC §1983. To satisfy §1983, color of law requirement, these state actors must have been employed as either a supervisor, or a person who exercised state authroity over Plaintiff. See, FARMER v BRENNAN, 511 US 825 (1994)(supervisor is liable under 1983 for failure to provide medical treatment, when official knows the risk

serious [denial of cardiac diagnostics dispite knowing of 2016 chest pains] harm and they fail to act in a reasonable fashion to address the risk);

7- In the instant case, Due Process hangs in the balance, insomuch as, now Plaintiff's life-span has been severely shortened expressly because the DOC defendant's knew in 2016 that he suffered chest pains, and they ignored Plaintiff's reasonable accommodation to alternative transport, to his medical appointments, for no legitimate penological purpose.

## CONCLUSION

Wherefor, Plaintiff without enlargement to reply to DOC Defendant's summary judgment, will be summarily barred Due Process & Equal Protection of the Laws, insomuch as, he is neither a lawyer with UNLIMITED electronic legal citation access, or doctor skilled in professional cardiac protocols & practices, this Honorable Court as fundamental fairness demands, must grant leave to enlarge up to and until Sept 9, 2023. So moved.

Signed, this 18th day of July 2023 under 28 USC §1746 pain and penalty of perjury.

> Respectfully submitted,
> by the Plaintiff
>
> Emory G Snell Jr pro se
> 104 Harvard Rd
> Shirley MA 01464-1218

### Proof of Service

I, certify that on this day, a true copy of the attached was served by indigent state paid legal mail on:

> Connor Tarr
> DOC Legal
> 70 Franklin St
> Boston MA 02110

4